UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VIKTORIYA DERMENZHI VANDERPOEL,<br><br>Plaintiff,<br>v.<br><br>TOBY JAMES VANDERPOEL,<br><br>Defendant. | CASE NO. C18-5623 RBL<br><br>ORDER |

THIS MATTER is before the Court on Plaintiff Viktoriya Vanderpoel's Motion to Dismiss [Dkt. # 14] Defendant Toby James Vanderpoel's counterclaims against her. Viktoriya[1] commenced this action to enforce Toby's obligation to her under her I-864 Affidavit of Support, which he signed as a condition of her entry into the United States. The parties married, and have since divorced.

Toby counterclaimed, seeking to recover hundreds of thousands of dollars he claims he lost to Viktoriya based on "fraud": immigration, wedding, adoption, and support costs; community property he was forced to pay in the dissolution, and the like.

---

[1] This Order will refer to the parties by their first names for clarity. No disrespect is intended.

ORDER - 1

Viktoriya seeks dismissal[2] for lack of subject matter jurisdiction, for failure to state a claim, and asks the Court to abstain from hearing these state law counterclaims under *the Rooker-Feldman* doctrine.

She argues that there is no diversity jurisdiction and that the state law counterclaims are unrelated to her federal I-864 affidavit claim are not the same "case or controversy" as the domestic relations claims asserted against her. Indeed, she claims, federal district courts routinely abstain from hearing domestic relations issues even where there is diversity jurisdiction. Finally, she claims that the Court should not permit Toby from re-litigating here state law proceedings that he apparently lost in the divorce, under *Rooker Feldman*.

Toby has not responded to the Motion. Under Local Rule 7(b)(2), a party's failure to respond to a motion to dismiss can be deemed by the court an admission that the motion has merit:

> (2) *Obligation of Opponent*. Each party opposing the motion shall, within the time prescribed in LCR 7(d), file with the clerk, and serve on each party that has appeared in the action, a brief in opposition to the motion, together with any supporting material of the type described in subsection (1). Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit.

The Motion *does* have merit, and Toby's failure to respond in any fashion to it is an admission of the same.

First, the Court does not have diversity jurisdiction over the counterclaim, and it will not exercise supplemental jurisdiction over a domestic relations case for the reasons articulated in the Motion. Furthermore, the Court cannot and will not review or reverse decisions made in state court. The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining

---

[2] Viktoriya asks the Court to dismiss the counterclaims *with prejudice*, based on the lack of diversity jurisdiction. That would be plain error. The Court cannot adjudicate a claim over which it has no jurisdiction.

of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S. Ct. 1517, 1521, 161 L. Ed. 2d 454 (2005). [W]hen a losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden *de facto* appeal. *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003); *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2008).

For these reasons, the Motion to Dismiss the Defendant's Counterclaim(s) is GRANTED and those claims are DISMISSED without prejudice.

IT IS SO ORDERED.

Dated this 22nd day of January, 2019.

_____
Ronald B. Leighton
United States District Judge